UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| The Estate of James Joseph Foster, Jr., by Administrator Jennifer L. Foster; Jennifer L. Foster, individually; James Joseph Foster, Sr., individually; and Kenzee Lambertson as next friend on behalf of her minor children P. F. and L.F.; <br><br> Plaintiffs, <br><br> v. <br><br> City of Sioux City, Iowa, a municipality; Carolina Ochoa, in her individual capacity; Alan Schmeckpeper, in his individual and official capacity; Deanna La Mere, in her individual capacity; Drake Carnahan, in his individual capacity; Dustin L. Johnson, in his individual capacity; Brandon R. DeRocher, in his individual capacity; Jordan Reinders, in his individual capacity; Jim Haden, in his individual and official capacity; Randall Wood, M.D., in his individual and official capacity; <br><br> Defendants. | Case No. 5:25-cv-04024 <br><br><br> DEFENDANT DEANNA LA MERE'S MOTION TO STAY DISCOVERY |

**COMES NOW** the Defendant, Deanna, La Mere, by and through the undersigned counsel, and for her Motion to Stay Discovery[1], states as follows:

**I.    BACKGROUND FACTS**

This case involves the alleged accidental death of James Foster Jr. *See generally*, Dkt. 2. Plaintiffs allege La Mere administered inappropriate medication when attempting to sedate Foster in the course of a wellness check by law enforcement that occurred on August 18, 2023. *Id.*

---

[1] Pursuant to Local Rule 7(k), counsel for La Mere conferred with the other parties regarding this motion. Plaintiffs' counsel indicated they resist this motion. The remaining defendants do not resist.

1

Plaintiffs allege the medication administered by La Mere proximately caused Mr. Foster's death two days later. *Id.* ¶ 85. Plaintiffs assert several claims against La Mere, including excessive force, deliberate indifference to serious medical needs, and negligence resulting in wrongful death. *See* Dkt. 2, at Counts II, III, and XIV. Trial is scheduled to begin on April 26, 2027. *See* Dkt. 34. Discovery closes October 14, 2026. *See* Dkt. 33.

On January 16, 2025, the Woodbury County Attorney's Office charged La Mere with one count of Involuntary Manslaughter, in violation of Iowa Code section 707.5(1)(b). *See* Woodbury County Case No. AGCR123017, State v. La Mere, D0001.[2] The charge stems from the same August 18, 2023, incident that underpins this litigation. *Id.* La Mere's criminal case is currently scheduled to be tried beginning March 17, 2026. *See id.*, D0043. Plaintiffs have propounded interrogatories and requests for admissions to La Mere that, by agreement of the parties, are due January 23, 2026.

## II. THIS COURT SHOULD IMPOSE A STAY ON ALL DISCOVERY AGAINST LA MERE IN LIGHT OF HER ONGOING CRIMINAL PROSECUTION.

This Court should stay discovery as to La Mere until her criminal prosecution has concluded due to the significant Fifth Amendment concerns that arise from having to defend her criminal and civil cases simultaneously. "A federal district court has 'the inherent power to stay the proceedings of an action, so as to control its docket, to conserve judicial resources, and to provide for the just determination of cases which pend before it.'" *Ruszcyzk as Tr. for Ruszczyk v. Noor*, 349 F.Supp.3d 754, 759 (D. Minn. 2018) (quoting *Armstrong v. Mille Lacs Cty. Sheriffs Dept.*, 112 F.Supp.2d 840, 843 (D. Minn. 2000)). While not awarded as a matter of right, "[a] stay

---

[2] This Court may take judicial notice of the pending criminal case against La Mere because the publicly filed documents can be "accurately and readily determined from sources whose accuracy cannot reasonably by questioned" by reviewing the proceeding on EDMS. *See* Fed. R. Evid. 201.

of a civil trial until factually related criminal proceedings are concluded is sometimes warranted." *Koester v. American Republic Investments, Inc.*, 11 F.3d 818, 823 (8th Cir. 1993).

"The decision whether or not to stay civil litigation in deference to parallel criminal proceedings is discretionary." *Aviva Life & Annuity Co. v. Davis*, No. 4:12-cv-00603-JEG, 2014 WL 12366406, at *3 (S.D. Iowa July 29, 2014) (quoting *Microfinancial Inc. v. Premier Holidays Intern., Inc.*, 385 F.3d 72, 77 (5th Cir. 2004)). The party seeking the stay "bears the burden of establishing its needs." *Id.* (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012). Courts consider several factors when analyzing whether to grant a stay:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995)). That said, the factors themselves are not dispositive, as the Court "must engage in 'a particularized inquiry into the circumstances of, and the competing interests in, the case.'" *Id.* at *5. A stay is most frequently warranted when the defendant establishes "the two proceedings are so interrelated that he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege . . . or that the two trials will so overlap that effective defense of both is impossible." *Koester*, 11 F.3d at 823.

Here, the pending civil and criminal cases are not merely related, they involve the exact same facts and allegations. Both cases assert La Mere caused the death of Foster through the administration of incorrect medication. Indeed, the only difference between the two cases is the legal standard necessary to justify a finding against La Mere—the criminal proceedings must

3

Case 5:25-cv-04024-CJW-MAR    Document 40    Filed 12/19/25    Page 3 of 8

establish such conduct amounted to involuntary manslaughter, whereas Plaintiffs in this case must demonstrate the conduct violated Foster's Fourth or Fourteenth Amendment rights or was otherwise negligent. Even still, the criminal and civil allegations require similar showings—namely that La Mere did not use appropriate care in treating Foster with what is alleged to have been the incorrect medication. *See State v. Caldwell*, 385 N.W.2d 553, 557 (Iowa 1986) (explaining necessary element of involuntary manslaughter is reckless conduct); *Ryan v. Armstrong*, 850 N.W.2d 419, 425 (8th Cir. 2017) (deliberate indifference claim under the Fourteenth Amendment requires showing that Defendant subjectively and objectively understood need for medical care and deliberately disregarded that need); *J.A.H. ex rel. R.M.H. v. Wadles & Assocs., P.C.*, 589 N.W.2d 256, 260 (Iowa 1999) (noting medical providers owe duty to use the "ordinary knowledge and skill of [their] profession" care in treatment). Thus, there is substantial overlap between the civil and criminal cases both factually and legally.

The *Keating* factors also support the imposition of a stay on discovery as it relates to La Mere until after the conclusion of her criminal proceedings. First, Plaintiff will not be prejudiced by such a stay. La Mere's criminal proceeding is scheduled to begin trial on March 17, 2026. *See* Woodbury County Case No. AGCR123017, D0043. Discovery does not close in these proceedings until October 14, 2026. *See* Dkt. 33. As such, there will be ample time to complete discovery after the conclusion of La Mere's criminal case. A stay in discovery as to La Mere until after her criminal case concludes will not necessitate a continuance of trial. And permitting the criminal case to conclude can simplify discovery matters for the Plaintiff. *See Henry v. Iron Cnty.*, 2025 WL 3280267, at *2 (E.D. Mo. Nov. 25, 2025).

Second, permitting discovery to continue as to La Mere places her in exactly the kind of predicament that justifies a stay of proceedings. The law has long allowed for adverse inferences

4

in civil cases based on the invocation of the Fifth Amendment privilege against self-incrimination. *See Davis*, 2014 WL 12366406, at *7 (collecting cases). Other courts have recognized how that inferences places the defendant in a bind when there are parallel cases:

> The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case.

*Gaydos v. Gully Trans., Inc.*, No. 4:21-CV-388-SPM, 2022 WL 1501973, at *2 (E.D. Mo. May 12, 2022) (quoting *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980)). As such:

> Courts considering similar situations involving substantial overlap between criminal and civil cases have frequently found that this factor weighs heavily in favor of granting a stay, because absent a stay, defendants will likely have to choose between invoking their Fifth Amendment rights, thereby prejudicing themselves in the civil case, and not invoking their Fifth Amendment rights, thereby prejudicing themselves in the criminal case.

*Id.* at *4; *see also Edwards v. Thomas*, No. 4:19-CV-4018, 2020 WL 888538, at *4-5 (W.D. Ark. Feb. 24, 2020) (granting stay in case involving a car accident that killed the plaintiff when the defendant was being criminal prosecuted for negligent homicide based on same accident because of the predicament caused by invoking the Fifth Amendment during parallel proceedings). Indeed, having already been indicted, Defendant's concern over prejudice to her rights in defending herself in both civil and criminal court is particularly apparent. *See Whtie v. Feaman*, No. 4:18-CV-00518-NCC, 2018 WL 5831261, at *3 (E.D. Mo. Nov. 7, 2018) ("[A] stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct."). This factor weighs strongly in favor of granting a stay of discovery.

Third, a stay promotes judicial efficiency. While courts have an interest in keeping litigation moving, that interest is limited to avoiding "*unnecessary* delay." *Noor*, 349 F.Supp.3d at 763 (emphasis in original). Resolution of criminal proceedings prior to engaging in civil discovery can help reduce the scope of discovery and simply the issues before the parties. *Id.* (quoting *Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985)). Additionally, "[a]bsent a stay, discovery may well 'become bogged down' as the Court 'will be forced to make numerous individual rulings on what will likely be a long series of Fifth Amendment assertions.'" *Id.* (*United States v. All Meat and Poultry Prods.*, 2003 WL 22284318, at *5 (N.D. Ill. Oct. 3, 2003)). Additionally, La Mere is more than willing to take steps to reduce any burden by advising the Court of any developments in the pending criminal case. *Edwards v. Thomas*, No. 4:19-CV-4018, 2020 WL 888538, at *5 (W.D. Ark. Feb. 24, 2020) (noting a court may order parties to advise the Court of such developments in an attempt to reduce any burden a stay may cause).

Finally, the public interest and interest of non-parties weigh in favor of granting this stay. While courts have recognized an interest in resolution of civil cases, there is a stronger interest in permitting criminal cases to conclude untainted by civil litigation. *Henry*, 2025 WL 3280267, at *3; *White*, 2018 WL 5831261, at *3. Additionally, permitting discovery to progress in the face of what will very likely require frequent invocation of the Fifth Amendment by La Mere thwarts the public's interest in resolution of cases on the basis of a full factual record. *Noor*, 349 F.Supp.3d at 765.

In light of the *Keating* factors, a stay of discovery until the resolution of La Mere's currently pending criminal charges promotes substantial justice, preserves the Court's and the parties' resources, and will not prejudice the prompt resolution of this case. The Court should enter

a stay of discovery as to La Mere until the resolution of Woodbury County Case Number AGCR123017.

**WHEREFORE** the Defendant, Deanna La Mere, respectfully requests this Court enter an order staying further discovery as it relates to La Mere until the resolution of the criminal proceedings in Woodbury County Case Number AGCR123017.

                        DEANNA LA MERE,
                        Defendant,

By: _____
     Jason C. Palmer AT0006089
     Ryan P. Tunink AT0014964
     LAMSON DUGAN & MURRAY, LLP
     6400 Westown Parkway, Suite 280
     West Des Moines, IA 50266
     Phone: (515) 823-0458
     Fax: (515) 298-6536
     Emails: jpalmer@ldmlaw.com
              rtunink@ldmlaw.com

     ATTORNEYS FOR DEFENDANT
     DEANNA LA MERE

Copy to:

Erin Jordan
Katie Naset
Hope Law Firm & Associates PC
5022 Grand Ridge Drive
West Des Moines, IA 50265
Phone: (702) 378-0564
Emails: erin.jordan@hopelawfirm.com
         katie@hopelawfirm.com

Dominic Pechota
Nicholas Rowley
Trial Lawyers for Justice, P.C.

7

421 West Water Street, 3rd Floor
Decorah, IA 52101
Phone: (563) 382-5071
Fax: (888) 801-3616
Email: dominic@tl4j.com
NR@tl4j.com

ATTORNEYS FOR PLAINTIFFS

Gregory Lederer
Meredith Rich-Chappell
Lederer Weston Craig PLC
PO Box 1927
118 Third Avenue SE Suite 700
Cedar Rapids, IA 52406
Phone: (319) 365-1184
Fax: (319) 365-1186
Emails: glederer@lwclawyers.com
mchappell@lwclawyers.com

Brandon Bohlman
Jessica McNamara
Lederer Weston Craig PLC
4401 Westown Pkwy, Suite 212
West Des Moines, IA 50266
Phone: (515) 224-3911
Email: bbohlman@lwclawyers.com
jmcnamara@lwclawyers.com

ATTORNEYS FOR DEFENDANTS CITY OF SIOUX CITY, ALAN SCHMECKPEPER, BRANDON DeROCHER, CAROLINA OCHOA, DRAKE CARNAHAN, DUSTIN L. JOHNSON, JIM HADEN, JORDAN REINDERS, and RANDALL WOOD, MD

---

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on Friday, December 19, 2025 by:

☐ U.S. Mail ☐ FAX
☐ Hand Delivered ☐ UPS
☐ Federal Express ☒ Other: CM/ECF

/s/ *Misty Munoz*